[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Cheryl M. Zakorchevnoy and the defendant Walter J. Zakorchevnoy were married on June 26, 1985 in Thomaston, Connecticut. There are no minor children issue of the marriage. The marriage has broken down irretrievably.
The parties at the present time are both receiving Social Security Disability. The defendant has disability income in the amount of $255.58 per week. The plaintiff has disability income in CT Page 4754 the amount of $146.58 per week. The defendant Walter Zakorchevnoy never worked during the marriage and has been confined to a wheel chair for the majority of the marriage.
The plaintiff initially worked from 1984 beginning earning $5,100.00. Her income increased annually until 1992 when she earned $21,680 annually. She left employment in 1993 and applied for Social Security Disability due to a congenital problem with her spine.
During the period of the marriage, the plaintiff was the only wage earner, however, the defendant was able to purchase with his own funds a two family home at 1607 North Main Street, Waterbury and had rental income from the additional apartment. In addition, he received his social security disability. During the majority of the marriage the parties resided in Waterbury. In November of 1994, the parties decided to move to Florida. With the money the plaintiff saved during the marriage, the parties purchased residential property in Florida at Lot 23 Lot 12 at 21061 Alpine Avenue, Port Charlotte, Florida and resided there until September of 1996 when the plaintiff came to Connecticut to be with her mother during her mother's hospitalization. She initially decided not to return to Florida after an emotional reaction to her mother's illness. The plaintiff, however, returned on September 3, 1996 to Florida but on the 21st of September, 1996 decided to return to Waterbury, Connecticut. She has resided with the defendant's brother and admits to co-habitation with him since October of 1996. The court has reviewed the criteria of 46b-81 and 46b-82 of the General Statutes.[1]
Based upon the evidence presented and the provisions of the statutes the Court orders the following: The court grants a decree of dissolution based upon irretrievable breakdown. The property located at Port Charlotte, Florida, Lot 23 and Lot 12 together with all buildings thereon is ordered sold. The court is unable to formulate a finding as to the value of the property because of the very substantial differential market value reflected in the parties affidavits: plaintiff $90,000.00; defendant $53,000.00. The court is relying on the Realtors valuation, Defendant's Exhibit 16 of approximately $60,000.00 and finds the value accordingly.
From the proceeds of sale, the plaintiff is awarded the first Twenty Thousand ($20,000.00) dollars. Any balance in addition, thereto, is to be divided equally between the parties. If the CT Page 4755 sale of the property results in a sum less than $20,000.00, the court orders the defendant to pay to the plaintiff in addition to the proceeds of sale, the amount equal to the difference between the sale price of the property and $20,000.00 or $5,000.00 whichever is less. The intent being to award the plaintiff for her contribution to the accumulated real property of the parties.
The personal property of the parties included in Schedule A hereto is awarded to the plaintiff.
The defendant will hold the property located at 1607 North Main Street, Waterbury Connecticut free and clear of any claims by the plaintiff.
The Prudential Life Insurance Policy on the life of the plaintiff, if not already owned by the plaintiff, is awarded to the plaintiff, and the policy is to be returned to the plaintiff with in 10 days of this judgment.
The parties shall be fully and totally responsible for all debt shown in their respective affidavits and hold each other harmless therefrom.
Each party shall retain sole right, title and interest to any and all bank accounts, investments, stocks, bonds or other assets in their own respective names at the time of the dissolution.
The court awards no alimony to either party.
The court awards no counsel fees to either party.
KOCAY, J.